**IN THE UNITED STATES BANKRUPTCY COURT**
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
**WILKESBORO DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. |
| Ronnie Wayne Hamby | ) | |
| SSN: XXX-XX-7759 | ) | Chapter 13 |
| Karin Denise Hamby | ) | |
| SSN: XXX-XX-1297 | ) | |
| | ) | |

**CHAPTER 13 PLAN INCLUDING NOTICE AND MOTION(S) FOR VALUATION;
MOTION(S) TO AVOID CERTAIN LIENS;
ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS
NOTICE OF OPPORTUNITY FOR HEARING ON CONFIRMATION OF THE PLAN INCLUDING ALL MATTERS
AS SET FORTH IN THE PLAN *FOR CASES FILED ON OR AFTER OCTOBER 17, 2005***

The following is the Chapter 13 plan proposed by the above-named debtor(s).  The plan may also include in its provisions certain motions to avoid liens and motions for valuation of collateral securing claims.

TAKE NOTICE:  Your rights may be affected. You should read the plan carefully, including any motions contained in the plan, and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the proposed plan of the debtor(s), including any of the motions included in the plan, or if you want the court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation and request for hearing on confirmation at one of the following addresses:

Clerk, U.S. Bankruptcy Court, P.O. Box 34189, Charlotte, N.C. 28234-4189

Your objection to confirmation and request for hearing must include the specific reasons for your objection, and must be filed with the Court no later than fifteen (15) days following the conclusion of the combined hearing on plan, Section 341(a) meeting of creditors, and trustee's recommendation for the plan's confirmation.  If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above.  You must also serve a copy of your objection to confirmation on the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee at their addresses as they are listed in the notice of the meeting of creditors.  If any objections to confirmation are filed with the Court, the objecting party will provide written notice of the date, time and location of the hearing on the objection.  No hearing will be held unless an objection to confirmation is filed.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s), including any motions contained in the plan, and may enter an order confirming the plan and granting the motions.

**Any creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A).**

**PLAN PAYMENTS; ADMINISTRATIVE COSTS; PROOFS OF CLAIM**

1.  a.  **The plan proposes payments of  $1904.00 per month for 60 months.**

    b.  **The plan proposes payments of $_____ per month for _____ % (percentage) payment to general unsecured creditors.**

    c.  **If applicable, the plan will also be funded by:_____ .**

2.  **The plan payments shall commence within ten (10) days of the case file date.**

3.  **Administrative Costs**

    a.  Attorney's Fees. The attorney for the debtor(s) has received $350.00 of the total base attorney fee of $3050.00.  The remainder of the base fee shall be paid through the plan by the trustee on a pro rata basis with required monthly payments to allowed secured claimants.

    b.  Trustee's Costs.  The trustee shall be entitled to reimbursement of  fees and costs up to the statutory maximum on each disbursement made by the trustee, regardless of whether it is paid prior to or following confirmation.

4.  **Filing of Proofs of Claim**

    a.  The trustee shall only distribute payments, including adequate protection payments, to creditors who have actually <u>filed</u> proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a).  However, if a creditor does not file a timely proof of such creditor's claim, then either the debtor(s) or the trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

    b.  The trustee shall mail payments to the address provided on the proof of claim <u>unless</u> the claimant provides the trustee with another address in writing for payments to be sent.  If the claim is assigned or transferred, the trustee shall continue to remit payments to the original claimant <u>until</u> a formal notice of assignment or transfer is filed  with the Court.

**CLASSIFICATION AND TREATMENT OF CLAIMS**

1

**5. PRIORITY CLAIMS**. All claims entitled to priority under 11 U.S.C. Section 507 and 1322 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

    **a. Domestic Support Obligations ("DSOs")**

All post-petition DSOs, including post-petition DSOs assigned to a governmental unit, will be paid directly to the holder by the debtor(s) or to the assignee of the claim and not through the Chapter 13 Trustee unless otherwise specified under the "Special Terms" section of the plan.

    I.  [ ] None

    ii.   The name, address and phone number including area code of the holder of any DSO as defined in 11 U.S.C. Section 101(14A). Pursuant to 11 U.S.C. Section 112, the names of minor children should not be disclosed.

| Name | Address (incl. city, state, zip code) | Telephone |
|---|---|---|
| 1. Cindy Fish Hamby | 75 Riverbend Rd, Hiddenite, NC 28638 | 828-635-1222 |
| 2. | | |

    **b. DSO Pre-Petition Arrearages** Owed to DSO Holders Under 11 U.S.C. Section 507(a)(1)(A), or assigned to a governmental unit, to be paid in full through the Chapter 13 plan on a pro-rata basis after payment of secured claims and the attorney fee and prior to payment of any non-DSO priority claim, unless a different treatment is proposed under the "Special Terms" section of the plan:

    i.   [ x]  None

ii.   Name of holder                                               Amount of Arrearage
         1.
         2.

    **c. Priority Claims Other Than DSOs**

All priority claims other than DSOs shall be paid in full on a pro rata basis after the payment in full of all DSO priority claims.

i.   [ ]  None

ii.   The names and amounts of all claims entitled to priority under 11 U.S.C. Section 507, other than DSOs:

| Name | Claim Amount |
|---|---|
| 1. Internal Revenue Service | 2056.00 |
| 2. | |

**6.   SECURED CLAIMS**

Other than secured claims that are to be paid as long-term debts pursuant to 11 U.S.C. Section 1322(b)(5), or that are to be paid directly by the debtor(s), the trustee shall pay the value of all allowed secured claims, on a pro rata basis in monthly amounts sufficient to provide adequate protection.

The trustee, on behalf of the debtor(s), will reserve pre-confirmation adequate protection payments for creditors holding purchase money security interests in personal property who have actually filed proofs of claim, and shall disburse said adequate protection payments with the first post-confirmation distribution to creditors, except that the trustee shall not be required to provide for any pre-confirmation adequate protection payments on account of any allowed secured claim with a secured value of less than $2,000.00. The adequate protection payments shall be equal to 1% of the value of the collateral as provided for in the proof of claim.

***To the extent that the valuation provisions of 11 U.S.C. Section 506 do not apply to any of the claims listed below, the creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A).***

For purposes of the plan, the treatment of each claim is specified below.  Treatment shall be one of the following:  (1) Direct payment by the debtor(s): "**Direct**"; (2) Payment in full by the Chapter 13 Trustee through the plan: "**In Full**"; (3) Payment of the value of the collateral by the Chapter 13 Trustee through the plan: "**Bifurcate**"; (4) Debtor(s) will surrender the collateral: "**Surrender**", or (5) File proceeding to determine validity of lien: "**Avoidance**."

| Creditor | Collateral | Value of Coll. | Claim Amt. | Treatment | Int. Rate |
|---|---|---|---|---|---|
| 1. Americredit | 2005 Corvette | 36000.00 | 35720.37 | surrender | |
| 2. Auto Equipment | 1997 F450 | 10500.00 | 15500.00 | pay in full | 10.25% |
| 3. Corning Credit Union | 2004 F350 | 36200.00 | 32447.25 | surrender | |
| 4. GE Money Bank | 2003 Pace Trailer | 12900.00 | 17772.38 | pay in full | 10.25% |
| 5. GE Money Bank | 2003 Texas Chopper | 11800.00 | 20932.60 | bifurcate | 10.25% |
| 6. HSBC Mortgage | Residence | 200000.00 | 188134.30 | direct | |
| 7. Kubota Credit | 2005 Kubota Tractor | 8500.00 | 17500.00 | pay in full | 10.25% |

To the extent that any of the claims referred to above are secured by mortgage loans on real property, and such claims are scheduled to be paid by the Trustee, then and in that event the Debtors will no longer be making any mortgage payments to any of the designated mortgage servicers and/or their successors and assigns and all such entities are hereby authorized to provide account information to the Chapter 13 Trustee.

For secured claims to be paid directly by the debtor(s), state below the amount of pre-petition arrearages to be paid through the Chapter 13 Trustee:

| | Creditor | Collateral | Pre-pet. arrearage | Int. Rate. |
|---|---|---|---|---|
| 1. | HSBC Mortgage | Residence | 6348.00 | 10.25 |
| 2. | | | | |
| 3. | | | | |

If the treatment option for secured claims is "**Surrender**", the debtor(s) surrenders any interest in the collateral securing the claims of the specified creditors.  Upon confirmation, the automatic stay will be deemed lifted for the collateral and the creditor need not file a motion for relief from stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-debtor(s) stay, or to abrogate the debtor(s)' state law contract rights.

7. General Unsecured Claims Not Separately Classified

General unsecured claims shall be paid on a pro rata basis with payments to commence after the payment of all administrative, secured and priority unsecured claims in full.

**8. Executory Contracts and Unexpired Leases**

a. [x]  None

b. The debtor(s) has the following executory contracts and unexpired leases.  If assumed, payments due after the filing of the case will be paid directly by the debtor(s) rather than by the trustee.

c. Unless otherwise provided, the debtor(s) proposes to promptly cure any pre-bankruptcy defaults on the assumed leases or contracts over a period of _____months, with said payments to be made by the trustee.

| Creditor | Assume or Reject | If Assumed, Amount of Arrearage paid in Plan |
|---|---|---|
| 1. | | |
| 2. | | |

**9. Special Terms**

a. [ x] None

b. Special Treatment of Unsecured Claims

c. Other Direct Payments to Creditors Other than Section 6.

d. Other Special Terms

**10. Plan Motions:**

**Motion to Value All Liens in Paragraph #6**

The debtor(s) hereby moves the Court to value the collateral of each of the above-stated creditors at the collateral value stated.  To the extent that the amount of the debt of any such creditor exceeds the stated collateral value, the debtor(s) hereby moves the Court that said difference be treated in the Chapter 13 plan as a general unsecured claim without priority.  The debtor(s) further moves the Court that the lien of each creditor listed upon the collateral listed hereinabove be satisfied upon payment of the collateral value and the issuance of the debtor(s) discharge.

**Motion to Avoid Non-Possessory, Non-Purchase Money Security Interests
in Household Goods and Personal Items**

The debtor(s) is indebted to the following creditors in the amounts stated.  As security for the debt, each such creditor insisted upon, and the debtor(s) executed, a waiver of exemption of certain property, and a security agreement granting said creditors a non-possessory, non-purchase money security interest in household goods which is property delineated by 11 U.S.C. Section 522(f)(2) and which is held primarily for the personal, family or household use of the debtor(s) or a dependent of the debtor(s). The debtor(s) believes that a financing statement may have been properly filed evidencing each such creditor's security interest and liens:

| Creditor | Account/I.D. | Debt Amount | Description of Property |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

The debtor(s)' interest in any item of property referred to above does not exceed the value claimed as exempt.  The money borrowed from each such creditor does not represent any part of the purchase money of any of the items covered by each such creditor's security agreement.  The existence of each such creditor's lien on the debtor(s)' household goods and personal items impairs the exemptions to which the debtor(s) would be entitled under Section 1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law.  The debtor(s) moves the Court for the cancellation and avoidance of the security interest of each such creditor in the debtor(s)' personal and household goods, effective upon discharge.

3

**Motion to Avoid Judicial Liens**

Judgments were obtained by the creditors listed below in cases before the General Court of Justice of the State of North Carolina, and said judgments have been recorded in the Public Registry as follows:

| Creditor | Judgment Book And Page | Registry | Judgment Date | Judgment Lien Amount |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |

The above-stated judgments created liens on the real property in which the debtor(s) has an interest, which real property is more specifically described as _____. The value of the debtor(s)'s interest in this real property is $_____. The aforesaid liens constitute judicial liens under 11 U.S.C. Section 522(f)(1). The property which this judicial lien encumbers is property which the debtor(s) is entitled to exempt under 11 U.S.C. Section 522 and the claimed amount of this exemption is $_____. The existence of this judicial lien impairs the exemption to which the debtor(s) is entitled under Section 1C-1601 of the North Carolina General Statutes or as otherwise applied under applicable state law.

The debtor(s) respectfully moves the Court to issue an order compelling the above-stated creditors to cancel and avoid their judicial liens upon the real property described herein, effective upon discharge.

**General Provisions**

1. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

2. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

3. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

4. If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

5. Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

6. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).

7. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

I declare under penalty of perjury that the information provided in the Chapter 13 Plan, including Motion(s) for Valuation; Motion(s) to Avoid Certain Liens; and the Assumption and Rejection of Executory Contracts and Unexpired Leases; as to all matters set forth herein are true and correct.

Dated_____                    _____
                                                Ronnie Wayne Hamby

Dated_____                    _____
                                                Karin Denise Hamby

I hereby certify that I have reviewed this document with the debtor(s) and that the debtor(s) have received a copy of this document.

Dated_____                    _____
                                                Robert H. Gourley, Jr.,
                                                Attorney for Debtor(s)